UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHARIF KING,

                              Plaintiff,                        9:21-cv-1202 (BKS/ML)

v.

STEPHANIE DEMARS,

                              Defendant.

---

**Appearances:**

*Plaintiff pro se:*
Sharif King
18-A-4833
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

*For Defendant:*
Letitia A. James
Attorney General of the State of New York
Rachael Ouimet
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Sharif King filed this action pro se pursuant to 42 U.S.C. § 1983 asserting that Defendant Stephanie Demars retaliated against him, in violation of the First Amendment, during his incarceration at Five Points Correctional Facility. (Dkt. No. 1). On February 28, 2023, Defendant filed a motion to dismiss the Complaint with prejudice under Federal Rules of Civil Procedure 41(b) and 37(b)(2)(v) for failure to prosecute and failure to comply with the Court's discovery orders. (Dkt. No. 52). Plaintiff did not file a response. This matter was assigned to

United States Magistrate Judge Miroslav Lovric who, on June 15, 2023, issued a Report and Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed with prejudice under Rule 41(b) and, in the alternative, under Rule 37 "based on his failure to prosecute and comply with this Court's orders and local rules of practice." (Dkt. No. 57, at 13). Magistrate Judge Lovric further recommended that Defendant's request for sanctions be granted and that Plaintiff be sanctioned costs in the amount of $88.00 in connection with his failure to appear for deposition. (*Id.*). Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 14).

No objections to the Report-Recommendation have been filed. As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

The Report-Recommendation set forth the applicable legal standards and analyzed the requisite five factors a court must consider in determining whether to dismiss an action under Rule 41(b). (Dkt. No. 57, at 8–13 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Specifically, Magistrate Judge Lovric outlined the numerous times the Court advised Plaintiff that failure to update his address, comply with discovery directives, or appear for deposition could result in the imposition of sanctions under Rules 37 and 41, including dismissal of the case. (*Id.* at 2–6 (citing Dkt. Nos. 8, 16, 29, 33, 35, 37, 40, 44, 48; Dec. 21, 2022 Minute Entry; Jan. 24, 2023 Minute Entry)). Moreover, as Defendant's motion expressly seeks dismissal with

2

prejudice, (Dkt. No. 52-1, at 3, 11; *see also* Dkt. No. 52-3 (Declaration of Service)), Plaintiff was provided notice that failure to prosecute or comply with discovery directives may result in dismissal with prejudice. *See*, *e.g.*, *Hernandez v. Tuck*, No. 22-cv-05242, 2023 WL 1109663, at *2, 2023 U.S. Dist. LEXIS 15507, at *4 (S.D.N.Y. Jan. 30, 2023) (explaining that "a defendant's motion to dismiss for failure to prosecute has been held to put the plaintiff on notice that his continued failure to prosecute the action could result in dismissal (citing *Lopez v. Cath. Charities of Archdiocese of New York*, No. 00-CV-01247, 2001 WL 50896, at *4, 2001 U.S. Dist. LEXIS 387, *12 (S.D.N.Y. Jan. 22, 2001))). Magistrate Judge Lovric also considered that Plaintiff has failed to provide an updated address to the Court or Defendant for more than five months, (Dkt. No. 57, at 11), found the need "to alleviate congestion on the Court's docket" outweighed Plaintiff's interest in receiving a further opportunity to be heard, (*id.*), and determined that less-drastic sanctions would ineffective and futile given that an order imposing such sanctions would likely "never reach Plaintiff due to his failure to provide the Court with a current address," (*id.* at 12). The Court further notes that Defendant is likely to be prejudiced by further delay given that this case has been pending for more than eighteen months and, to date, Defendant has been unable to depose Plaintiff or otherwise complete discovery. The Court therefore finds no clear error in Magistrate Judge Lovric's recommendation that Defendant's motion for dismissal for failure to prosecute be granted. Finally, the Court has reviewed for clear error Magistrate Judge Lovric's careful consideration of Defendant's request for sanctions in connection with Plaintiff's failure to appear for deposition and recommendation that a modest award of $88.00 in costs be imposed, and has found none. Accordingly, the Report-Recommendation is adopted in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 57) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 52) is **GRANTED** to the extent that it seeks dismissal of the Complaint and that Plaintiff be sanctioned costs in the amount of $88.80, and **DENIED** to the extent that it requests that Plaintiff be sanctioned costs in an amount greater than $88.80; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**, pursuant to Fed. R. Civ. P. 41(b) and in the alternative, pursuant Fed. R. Civ. P. 37, based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge